UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | No. 4:05-CR-28 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| ROGER SANSON and ) | |
| MARGARET D. SANSON, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM & ORDER**

Before the Court are Defendant Roger Sanson's ("Defendant R. Sanson") Motion to Declare this Case Complex Litigation; Continue the Trial Date, and Increase the Maximum Amount of Attorney's Fees (Court File No. 17) and Defendant Margaret D. Sanson's ("Defendant M. Sanson") Motion to Join Co-Defendant's Motion to Continue and to Designate the Case Complex (Court File No. 19). Defendant R. Sanson also submitted a memorandum in support of his motion (Court File No. 18). The Government responded to Defendant R. Sanson's motion, notifying the Court it takes no position on this motion (Court File No. 21), but did not respond to Defendant M. Sanson's motion, although filed its response to Defendant R. Sanson's motion after Defendant M. Sanson filed her motion. The Court will presume the Government also takes no position on Defendant M. Sanson's motion as that motion adopts the grounds set forth in Defendant R. Sanson's motion and memorandum.

Under the Speedy Trial Act, a defendant must be tried or enter a plea of guilty within seventy days "of the information or indictment, or from the date the defendant has appeared before a judicial

officer of the court in which the charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Certain periods of delay may be excluded from this time period, including a continuance granted by the Court on the motion of a defendant if the Court finds the "ends of justice" served by this continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The factors a Court must consider in determining whether to grant such a continuance include whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii).

Defendants R. Sanson and M. Sanson (collectively "Defendants") are husband and wife. In support of their contentions this case is complex, Defendants cite the following: (1) Defendant R. Sanson is charged with filing a false tax return in violation of 26 U.S.C. § 7206(1) and Defendant M. Sanson is charged with four counts of income tax evasion in violation of 26 U.S.C. § 7201; (2) the Government's allegations in support of these charges involve four years of embezzlement by Defendant M. Sanson of monies not reported on tax returns filed jointly with Defendant R. Sanson; and (3) United States Attorney Harry S. Mattice has advised Defendant R. Sanson's counsel he will be providing between 4,000 and 5,000 documents pursuant to the scheduling order (Court File No. 4) and will be filing a motion to extend the discovery deadline date (Court File No. 18). Defendants argue the number of documents makes it unreasonable for the Court to expect adequate preparation for pre-trial proceedings or trial within the time limits established by the Speedy Trial Act, or for defense counsel to comply with the standards of representation set forth by the American Bar Association, including compliance with the 5th and 6th Amendments to the United States

Constitution.

The Court finds the issues and facts enumerated by Defendants render this case an unusually complex one, and the ends of justice served by taking this action outweigh the best interest of the public and Defendants in a speedy trial. The nature of this prosecution, particularly its allegations of four years of embezzlement and large quantity of documents, is such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(8)(B)(ii).

Therefore, the Court **GRANTS** Defendants' motions to declare their cases complex (Court File Nos. 17, 19). This matter is **RESET** for trial before a United States District Judge and jury on **Monday, January 23, 2006**, in Courtroom No. 2, located on the first floor, 900 Georgia Avenue, Chattanooga, Tennessee. The parties shall be prepared to commence trial at **9:00 a.m.** on the date which has been assigned. If this case is not heard at 9:00 a.m. on the date assigned, it will be held in line pending notification from the Court. The final pretrial conference is reset for **Friday, January 6, 2006 at 4:00 p.m.** The motion filing, plea negotiation, and notice of *Daubert* hearing deadlines are extended through **5:00 p.m., Monday, December 5, 2006**. Any written plea agreement shall be executed by said date**.**

Additionally, Defendant R. Sanson's counsel requests the Court waive the maximum amount of attorney's fees the Court may pay him pursuant to 18 U.S.C. § 3006A(d)(3). Defendant R. Sanson's counsel expects he will spend an extraordinary amount of time on this matter in order to satisfy his duties of representation, and thus asks the Court to declare this matter complex for the payment of attorney's fees in excess of the maximum amount set out by statute (Court File No. 18). Section 3006A(d)(3) allows payment above the maximum amount (currently $7,000, *see* 18 U.S.C.

§ 3006A(d)(2)) "for extended or complex representation whenever the court in which the representation was rendered . . . certifies that the amount of the excess payment is necessary to provide fair compensation . . ."

At the outset of this case, the Court cannot make any determination as to the amount of attorneys' fees Defendant R. Sanson's defense counsel will incur. Defendant R. Sanson's defense counsel does not represent he has already spent an amount of time on this matter such that his attorney's fees incurred thus far exceed the statutory maximum. Depending on certain decisions Defendant R. Sanson will make, his defense counsel may be required to spend vast amounts of time preparing for him to proceed to trial, or very little time preparing for him to enter a guilty plea. Defendant R. Sanson's request therefore is **DENIED** at this time, and defense counsel is directed to resubmit his request for the Court to certify the necessity of any amount of payment in excess of the statutory maximum, if any, at such time as it is clear he will incur attorneys' fees in excess of that maximum.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
